UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**PATRICIA JENKINS** *et al.*                                                                                   **PLAINTIFFS**

**v.**                                                                              **CIVIL ACTION NO. 3:15CV-125-JHM**

**FCI MANCHESTER**                                                                                                 **DEFENDANT**

### MEMORANDUM AND ORDER

Plaintiff Patricia Jenkins filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), on behalf of her deceased son, Andre McGregor, naming FCI Manchester as Defendant. Plaintiff alleges that her son became ill while he was an inmate at FCI Manchester and that he was not given proper medical treatment, resulting in his death.

There is no special venue statute for *Bivens* civil rights actions. Therefore, 28 U.S.C. § 1391 controls. Section 1391(e) provides a special venue statute for any "civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States." As FCI Manchester is a United States prison, § 1391(e) governs venue in this action. Under § 1391(e), a civil action may be brought in any judicial district in which:

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

§ 1391(e).

The named Defendant is FCI Manchester, which is located in Clay County, Kentucky, in the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a). The actions alleged occurred at FCI Manchester. Therefore, a substantial part of the events set forth in the complaint allegedly

occurred in the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a). Moreover, Plaintiff does not reside in this district. Therefore, proper venue for this complaint lies in the Eastern District of Kentucky.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought." In the interest of justice,

**IT IS ORDERED that the instant action shall be TRANSFERRED to the United States District Court for the Eastern District of Kentucky, Southern Division at London**, pursuant to 28 U.S.C. § 1406(a) for all further proceedings. All further filings shall be filed with that court.

Date: March 2, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Clerk, Eastern District of Kentucky
4414.010

2